IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

```
_____
                                    )
PATRICK JEANNITON,                  )
                                    )
              Plaintiff,            )
                                    )
     v.                             )  Civ. No. 20-00369 ACK-WRP
                                    )
THE CITY AND COUNTY OF HONOLULU,    )
MARK FIESTA, Honolulu Police        )
Officer                             )
                                    )
                                    )
              Defendants.           )
_____ )
```

**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE FOURTEENTH AMENDMENT CLAIM, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE NEW ALLEGATIONS AND REQUEST FOR INJUNCTIVE RELIEF, AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL DISMISSAL (ECF No. 49)**

Plaintiff Patrick Jeanniton was placed in a chokehold after Defendant Honolulu Police Officer Mark Fiesta ("Officer Fiesta") responded to a call reporting a domestic dispute at Jeanniton's residence.  After speaking with Jeanniton through the screen door, Officer Fiesta entered Jeanniton's residence without a warrant, placed Jeanniton in a chokehold, and arrested Jeanniton.  Jeanniton alleges violations of his rights under the United States Constitution and the Hawaii Constitution, and asserts claims for intentional infliction of emotional distress, assault, and battery.

There are three motions currently before the Court. The City and County of Honolulu and Officer Fiesta (together,

- 1 -

"Defendants") filed a Motion for Partial Dismissal of Third Amended Complaint, Motion to Strike Fourteenth Amendment Claim, Motion to Strike New Allegations, and Motion for Enlargement of Time to Answer the Third Amended Complaint, ECF No. 49.  The Court previously issued an order on June 28, 2021 granting the Motion for Enlargement of Time.

For the reasons discussed below, the Court GRANTS Defendants' Motion to Strike Fourteenth Amendment Claim, GRANTS IN PART AND DENIES IN PART Defendants' Motion to Strike New Allegations, and GRANTS IN PART and DENIES IN PART Defendants' Motion for Partial Dismissal.

## BACKGROUND

The following facts are principally drawn from the Third Amended Complaint.  3d Am. Compl. ("TAC"), ECF No. 48.[1]

## I.   Factual Background

On January 28, 2019, Jeanniton and his girlfriend had a verbal argument in their apartment.  TAC ¶¶ 8,9.  The argument escalated, and a neighbor called the police.  Id. ¶ 9.  When Officer Fiesta and another officer responded to the call, they approached Jeanniton's apartment and demanded that he open the

---

[1]   Jeanniton refers to the Third Amended Complaint as a "Second Amended Complaint."  Because Jeanniton had already filed a Second Amended Complaint, ECF No. 44, the Court refers to ECF No. 48 (the operative complaint) as the Third Amended Complaint.

door.  Id. ¶ 10.  In response, Jeanniton yelled through the door that he would not open it, that there was nothing to see, and that the officers should leave.  Id. ¶ 11.  The officers continued knocking and yelling to open the door.  Id. ¶ 12.

Jeanniton eventually opened the front door, but left the screen door closed.  He told the officers that he did not call them, that no one needed them, and that they should go home.  Id.  During this interaction, Jeanniton's girlfriend stood on the stairs behind him, visible to the officers.  Id.

When Jeanniton attempted to close the front door, Officer Fiesta opened the screen door and shoved his foot forward to prevent Jeanniton from closing the door.  Id. ¶ 13.  Officer Fiesta then physically forced his way into the apartment, punching and grabbing Jeanniton.  Id.  During this altercation, Officer Fiesta put Jeanniton into a chokehold, which rendered him unconscious.  Id.  Disoriented, Jeanniton woke up on the floor in a pool of his blood.  Id.  Jeanniton suffered injuries to his eyes, nose, and tongue from his altercation with Officer Fiesta, as well as injuries to his wrists from the handcuffs Officer Fiesta employed.  Id. ¶¶ 13, 14.  Jeanniton's girlfriend showed the officers that she did not have any injuries and said that they were only arguing.  Id. ¶ 15.

The officers debated what to charge Jeanniton with after he had been handcuffed in his living room.  Id. ¶ 17. Jeanniton was ultimately charged with harassing Officer Fiesta, which was dismissed in court.  Id.

## II.  Procedural Posture

Jeanniton filed this lawsuit in state court on July 16, 2020.  See ECF No. 62 at 1.  Jeanniton amended his complaint soon thereafter.  See ECF No. 1-2.  Defendants then removed the case to federal court.  See ECF No. 1.  Jeanniton alleged that Officer Fiesta entered his residence without justification, assaulted him, and falsely arrested and falsely imprisoned him using excessive force.  See ECF No. 1-2 ¶¶ 8-17, 44.  On March 16, 2021, Jeanniton sought leave to file a proposed second amended complaint.  See ECF No. 25-1 at 16-19.  Magistrate Judge Porter granted Jeanniton's request for leave to assert claims against Officer Fiesta in his individual capacity for violations of the First and Fourth Amendments under 42 U.S.C. § 1983.  See ECF No. 39 at 18-19.  However, Magistrate Judge Porter denied Plaintiff's request for leave to assert:  (1) a Section 1983 claim against Officer Fiesta in his individual capacity for violations of the Fourteenth Amendment, (2) a Section 1983 claim against the City and County of Honolulu, and (3) a Section 1983 claim against Officer Fiesta in his official capacity.  Id.

Jeanniton then filed a Second Amended Complaint.  ECF No. 44.  Neither party appealed Magistrate Judge Porter's order. Shortly thereafter, the parties met and conferred and Jeanniton agreed to dismiss any Section 1983 claims against the City, the Section 1983 claims against Defendants for violations of the Fifth, Sixth, Eighth, Ninth, Twelfth, and Thirteenth Amendments to the United States Constitution, all claims against Officer Fiesta in his official capacity, all claims for injunctive relief against Defendants, and all claims for punitive damages against the City.[2/]  See ECF No. 45.  The parties then submitted a stipulation seeking partial dismissal of certain claims against Defendants under Rule 41(a)(1)(A)(ii).  Id.  Magistrate Judge Porter construed the parties' stipulation as written consent to file an amended complaint under Rule 15(a)(2).  Id. Magistrate Judge Porter warned Jeanniton that the amended complaint must "conform[] to the parties' stipulation."  Id.

Jeanniton filed a Third Amended Complaint, ECF No. 48. Defendants filed the present Motions, ECF No. 49, and Jeanniton

---

[2/]  The Court notes that while Jeanniton in his Third Amended Complaint requests both punitive and exemplary damages, they are one and the same.  See Durham v. Cty. of Maui, 692 F. Supp. 2d 1256, 1261 (D. Haw. 2010) ("Punitive or exemplary damages are generally defined as those damages assessed in addition to compensatory damages for the purpose of punishing the defendant for aggravated or outrageous misconduct and to deter the defendant and others from similar conduct in the future.") (citation omitted).

filed his Opposition, ECF No. 59.  Defendants filed a Reply, ECF
No. 60.[3/]  A hearing on the Motions was held on July 29, 2021.

**STANDARDS**

## I.   Rule 12(f)

Rule 12(f) provides that the "court may strike from a
pleading an insufficient defense or any redundant, immaterial,
or scandalous matter."  Fed. R. Civ. P. 12(f).  Immaterial
matter is "that which has no essential or important relationship
to the claim for relief or the defenses being pleaded . . . .
'Impertinent' matter consists of statements that do not pertain,
and are not necessary, to the issues in question."  Fantasy Inc.
v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations
omitted), rev'd on other grounds by Fogerty v. Fantasy, Inc.,
510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994).

The function of a Rule 12(f) motion is to avoid
spending time and money litigating spurious issues by dispensing
with those issues before trial.  Sidney-Vinstein v. A.H. Robbins
Co., 697 F.2d 880, 885 (9th Cir. 1983).  Grounds for a motion to
strike must be readily apparent from the face of the pleadings

---

[3/] Defendants' Reply contains an Attendant Motion to Strike Jeanniton's
Opposition.  Defendants argue that the Opposition does not include a
certification that it contains no more than 6,250 words despite it exceeding
twenty-five pages in length in violation of Local Rules 7.4(a), (b), and (e).
Although Jeanniton's Opposition does exceed the Court's page limits, the
Court will allow the over-sized brief.  In the future, the parties are
admonished to follow all rules of this Court or face appropriate sanctions.

or from materials judicially noticed.  <u>Wailua Assocs. v. Aetna</u>
<u>Cas. & Sur. Co.</u>, 183 F.R.D. 550, 554 (D. Haw. 1998).  A matter
will not be stricken from a pleading unless it is clear that it
can have no possible bearing on the subject matter of the
litigation.  <u>Id.</u>  Ultimately, whether to grant a motion to
strike lies within the sound discretion of the district court.
<u>Fantasy</u>, 984 F.2d at 1528.

## II.  Rule 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a
complaint that fails "to state a claim upon which relief can be
granted."  Rule 12(b)(6) is read in conjunction with Rule 8(a),
which requires only "a short and plain statement of the claim
showing that the pleader is entitled to relief."  Fed. R. Civ.
P. 8(a)(2).  The court may dismiss a complaint either because it
lacks a cognizable legal theory or because it lacks sufficient
factual allegations to support a cognizable legal theory.
<u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.
1988).

In resolving a Rule 12(b)(6) motion, the court must
accept all well-pleaded factual allegations as true and construe
them in the light most favorable to the plaintiff.  <u>Sateriale v.</u>
<u>R.J. Reynolds Tobacco Co.</u>, 697 F.3d 777, 783 (9th Cir. 2012).
The complaint "must contain sufficient factual matter, accepted
as true, to 'state a claim to relief that is plausible on its

face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Mere conclusory statements in a complaint or "formulaic recitation[s] of the elements of a cause of action" are not sufficient.  <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929.  Thus, the court discounts conclusory statements, which are not entitled to a presumption of truth, before determining whether a claim is plausible.  <u>Iqbal</u>, 556 U.S. at 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868.

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." <u>Harris v. Cty. of Orange</u>, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003)).

## **<u>DISCUSSION</u>**

As discussed above, the Court must decide whether to (1) strike Jeanniton's Fourteenth Amendment claim, (2) strike the new allegations and request for injunctive relief, and (3) partially dismiss the Third Amended Complaint.[4]

---

[4]  The Motion does not seek dismissal of the respondeat superior claim against the City, or the state law claims against Officer Fiesta for assault, battery, and intentional infliction of emotional distress, nor the Fourth Amendment claims of excessive force, unlawful arrest, and malicious (Continued . . .)

First, the Court strikes the Fourteenth Amendment
claim because Jeanniton was not granted leave to assert that
claim.  It then declines to strike new factual pleadings for
which Jeanniton was likewise not granted leave to amend, and
also strikes Jeanniton's requested injunctive relief given the
parties' prior stipulation.  The Court goes on to address
Defendants' motion for partial dismissal.  In that regard, the
Court dismisses the claims brought under the Hawaii Constitution
and the request for declaratory judgment.  Finally, the Court
turns to the Section 1983 First and Fourth Amendment claims,
which it finds are sufficiently pleaded to survive Defendants'
motion to dismiss.  At this stage, Defendants are not entitled
to a favorable ruling on qualified immunity.[5/]

## I.    Motion to Strike Fourteenth Amendment Claim

Defendants first request that the Court strike
portions of Jeanniton's Third Amended Complaint in which
Jeanniton has asserted a Fourteenth Amendment claim, given that

---

prosecution.  At the hearing, Jeanniton's counsel stated that Jeanniton is
asserting a false imprisonment claim.  This claim was asserted in Jeanniton's
First Amended and Second Amended Complaints and thus did not require
Magistrate Judge Porter's permission to be included in the Third Amended
Complaint, and was not addressed by Magistrate Judge Porter in his order.

[5/]  Defendants also seek clarification that they may answer what remains
of the Third Amended Complaint within fourteen days after the Court enters
its Order on the Motions.  The Court does not further address this matter
because the Court issued an order on June 28, 2021 informing the Parties that
it granted the Motion for Enlargement of Time.  The Court reiterates that
Defendants are required to serve their answer within fourteen days of the
Court's Order on this Motion.

Jeanniton was previously denied leave to assert such a claim. Mot. at 9-10.

The Court agrees.  Although not listed as a separate claim, Jeanniton alleges that Officer Fiesta's conduct violated his "[f]irst Amendment Rights to Free Speech and Fourth and Fourteenth Amendment right to be free from illegal searches and seizures."  TAC ¶ 25.

Pursuant to Rule 12(f), a court may strike claims from a pleading for failure to comply with a court order.  See Siskiyou Reg'l Educ. Project v. U.S. Forest Serv., No. CIV. 03-3013-CO, 2005 WL 2675189, at *2 (D. Or. Oct. 19, 2005) (striking claims because they were in contravention of the court's previous order limiting such claims), aff'd, 565 F.3d 545 (9th Cir. 2009); Provencio v. Vazquez, No. 1:07-CV00069-AWIBAK, 2010 WL 653881, at *2 (E.D. Cal. Feb. 19, 2010) (striking provisions of amended complaint that "violate[d] the court's order" which limited any amendment to new theories about a specific defendant); Cork v. CC-Palo Alto, Inc., No. 5:14-cv-00750-EJD, 2021 WL 1561644, at *3 (N.D. Cal. Apr. 21, 2021) (noting that the court granted a motion to strike claims the court previously dismissed without leave to amend).

Magistrate Judge Porter previously denied Jeanniton leave to assert any Fourteenth Amendment claim.  ECF No. 39 at 14-15 ("Plaintiff's request for leave to add a due process claim

under the Fourteenth Amendment against Defendant Fiesta in his
individual capacity is denied.").[6/]  Accordingly, to the extent
that Jeanniton now asserts a claim under the Fourteenth
Amendment in his Third Amended Complaint, that claim is
STRICKEN.

## II.  Motion to Strike New Allegations and Injunctive Relief

Defendants further ask the Court to strike the new
allegations in the Third Amended Complaint, as well as
Jeanniton's request for injunctive relief.[7/]

### a. New Allegations

Defendants move to strike on the grounds that portions
of the Third Amended Complaint do not comply with Magistrate
Judge Porter's April 20, 2021 order.  Defendants argue that
Jeanniton was not given leave to amend his complaint to include
new allegations, nor did the parties stipulate to such.  Mot. at
21-23.

When the language of an order clearly states that a
plaintiff may only amend to address certain deficiencies

---

[6/]  Moreover, the Court notes that Jeanniton's claim is already covered
by the Fourth Amendment and therefore the duplicative due process claim is
inappropriate.  See Cty. of Sacramento v. Lewis, 523 U.S. 833, 833, 118 S.
Ct. 1708, 1710, 140 L. Ed. 2d 1043 (1998) (observing that "if a
constitutional claim is covered by a specific constitutional provision, such
as the Fourth or Eighth Amendment, the claim must be analyzed under the
standard appropriate to that specific provision, not under the rubric of
substantive due process.").

[7/]  Defendants' motion is titled "Motion to Strike New Allegations."
But because Defendants' Motion to Strike New Allegations encompasses the
request to also strike the injunctive relief, Mot. at 21, the Court addresses
the issues together.

identified in the order, courts have held that a plaintiff is
barred from adding new claims or parties.  See Jameson Beach
Property Owners Ass'n v. U.S., No. 2:13-cv-01025-MCE-AC, 2014 WL
4925253, at *4 (E.D. Cal. Sept. 29, 2014) (collecting cases).

        Here, Magistrate Judge Porter granted in part and
denied in part Jeanniton's motion for leave to amend his
complaint.  Specifically, Jeanniton was granted leave to amend
only to assert a Section 1983 claim against Officer Fiesta in
his individual capacity for violations of the First and Fourth
Amendment.  ECF No. 39 at 18-19.  But in his subsequent Third
Amended Complaint, Jeanniton included additional factual detail
about the underlying incident.  See, e.g., TAC ¶ 3 (adding that
a chokehold is an inherently dangerous maneuver which has caused
death); id. ¶ 9 (adding that neighbor called about "verbal
discussion" rather than "noise"); id. ¶ 12 (clarifying that
Jeanniton "indicated" rather than "pointed," and adding that
Fiesta was able to see Jeanniton's girlfriend); id. ¶ 13 (adding
that Jeanniton woke up "very disoriented due to lack of oxygen
to the brain"); id. ¶ 16 (adding that Jeanniton did not give
officers permission to invade his privacy); id. ¶ 17 (adding
that officers were aware that they did not have probable cause);
id. ¶ 19-20 (adding that Officer Fiesta used force excessively,
out of anger, and in violation of HRS § 703-307).

Jenniton's additional allegations are permissible.
They merely expand on the facts of the underlying incident, as
opposed to adding new claims or parties.  Moreover, while the
Third Amended Complaint does include additional facts to the
claims against Defendants, the facts stated in Jenniton's
Second and Third Amended Complaints are substantially the same.
See supra.  Any additional factual assertions only flesh out
existing claims.  See Baranyi v. Univ. of Hawaii, Civ. No. 13-
00667 SOM/KSC, 2014 WL 4457195, at *3 (D. Haw. Sept. 9, 2014);
see also Carbajal v. Dorn, No. CV-09-283-PHX-DGC, 2010 WL
487433, at *2 (D. Ariz. Feb. 4, 2010) (granting motion to strike
where amended complaint "greatly exceeds the limited amendment
permitted by the Court's order") (emphasis added).  The Court
does not consider such additional factual detail to violate the
previous order, and Defendants have not demonstrated any
prejudice resulting from the additional detail.

Because a motion to strike is a "severe measure" that
should be viewed "in the light most favorable to the
plaintiffs," this Court declines to strike the additional
factual allegations made in the Third Amended Complaint.  See
Baranyi at *3 (D. Haw. Sept. 9, 2014).  Insofar as the Motions
ask the Court to strike additional factual material, they are
DENIED.

### b. Request for Injunctive Relief

Defendants also move to strike Jeanniton's request for injunctive relief in the Third Amended Complaint.  In doing so, Defendants argue that Jeanniton stipulated to dismiss any request for injunctive relief, and that the Court indicated that Jeanniton was to file an amended complaint that conformed to the parties' stipulation.  Mot. at 21-22.

Defendants are correct that the parties submitted a stipulation to dismiss certain claims as well as any request for punitive damages or injunctive relief.  Mot. at 6.  When Magistrate Judge Porter construed the parties' stipulation as written consent to file an amended complaint, he explicitly instructed Plaintiff to file an amended complaint "that conforms to the parties' stipulation."  ECF No. 45 ("Specifically, the Third Amended Complaint shall remove the following claims [:] . . . all claims for injunctive relief against Defendants . . .").

As discussed _supra_, a court may strike claims from a pleading for failure to comply with the court's orders. Accordingly, insofar as the Motions seek to have the request for injunctive relief stricken, the Court GRANTS the Motions.

## III. Motion for Partial Dismissal of Third Amended Complaint

The Court now turns to Defendants' Motion for Partial Dismissal.  Defendants request dismissal with prejudice of:  (1) Jeanniton's claim under the Hawaii State Constitution, (2)

Jeanniton's request for a declaratory judgment, (3) the First
Amendment claim against Officer Fiesta, and (4) the Fourth
Amendment claim for warrantless entry against Officer Fiesta.
For the reasons set forth below, the Court GRANTS the Motion
with regard to the claims under the Hawaii Constitution and the
declaratory judgment but DENIES the Motion with regard to the
First Amendment claim and Fourth Amendment claim for warrantless
entry against Officer Fiesta.

### a. Claims Under the Hawaii Constitution

Counts I-IV of the Third Amended Complaint assert
claims under the Hawaii State Constitution against Officer
Fiesta.  <u>See</u> TAC ¶¶ 19-38.  Defendants argue that Jeanniton is
unable to use violations of the Hawaii Constitution as an
independent cause of action.  The Court agrees.

Hawaii courts have declined to recognize a direct
private cause of action for violations of rights guaranteed
under the Hawaii Constitution.  <u>Kaahu v. Randall</u>, No. CV 14-
00266HG-RLP, 2018 WL 472996, at *7 (D. Haw. Jan. 18, 2018);
<u>Davis v. Abercrombie</u>, No. CIV. 11-00144 LEK-BMK, 2014 WL
3809499, at *15 (D. Haw. July 31, 2014); <u>Galario v. Adewundmi</u>,
Civ. No. 07-00159 DAE-KSC, 2009 WL 1227874, at *11 (D. Haw. May
1, 2009) (granting summary judgment against a plaintiff because
such a cause of action has not been recognized); <u>Makanui v.
Dep't of Educ.</u>, 721 P.2d 165, 170 n.2 (Haw. Ct. App. 1986).

Hawaii does not have a statutory or judicially created equivalent to Section 1983, the federal statute that permits a private cause of action for violations of the United States Constitution.  Ilae v. Tenn, No. CIV. 12-00316 ACK-KSC, 2013 WL 4499386, at *17 (D. Haw. Aug. 20, 2013).

For those reasons, Jeanniton is unable to bring claims predicated on violations of the Hawaii Constitution.  Because the Court cannot conceive of—and Jeanniton has not explained—how any amendment to the Third Amended Complaint that would overcome the legal shortcomings described above, the Court GRANTS the Motion to Dismiss as to the four claims under the Hawaii Constitution WITH PREJUDICE.[8]

### b. Declaratory Judgment

In the Third Amended Complaint, Jeanniton seeks a declaratory judgment "that the Plaintiff's rights have been violated as alleged."  TAC, Request for Relief.[9]  Defendants

---

[8]  In his Opposition, Jeanniton argues that this Court has "concurrent jurisdiction" over the claims under the Hawaii Constitution.  Opp. at 8.  But Jeanniton ignores the inherent issue with his claim-that there is no private right of action under the Hawaii Constitution.

[9]  The Third Amended Complaint requests "[a] declaratory judgment be issued that the Plaintiff's rights have been violated as alleged."  TAC Request for Relief.  For the first time in his Opposition, Jeanniton references a request for a declaratory judgment "banning the use of 'Choke Holds' on non-armed citizens in their homes, who are not fleeing felons and only suspected of possible misdemeanor offenses."  Opp. at 24.  An opposition to a motion to dismiss is an improper vehicle to assert additional facts or claims not initially alleged, which Plaintiff may properly assert through an amended complaint.  Nathanson v. Polycom, Inc., 87 F. Supp. 3d 966, 985 (N.D. Cal. 2015) (declining to address allegations raised in plaintiff's opposition brief but not his complaint).  The Court therefore declines to address (Continued . . .)

- 16 -

argue that such a request must be dismissed with prejudice because it is duplicative of the other relief sought by Jeanniton.  Mot. at 20-21.  The Court agrees.

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Vill., Cal., 333 U.S. 426, 431, 68 S. Ct. 641, 644, 92 L. Ed. 784 (1948); see also Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 533 (9th Cir. 2008). Declaratory relief should be denied "when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. State of Wash., 759 F.2d 1353, 1357 (9th Cir. 1985) (en banc) (per curiam); see also L.A. Cty. Bar Ass'n v. Eu, 979 F.2d 697, 703 (9th Cir. 1992).

Declaratory relief is further limited if it is duplicative of other claims or if it seeks only to redress past harms.  A request for declaratory relief "is not cognizable as an independent cause of action under the Declaratory Judgment Act, 28 U.S.C. § 2201, where it is based on Defendant's past wrongs and simply duplicates Plaintiff's other causes of

---

Jeanniton's revised request for a declaratory judgment in his Opposition, and will instead evaluate the request for a declaratory judgment found in his Third Amended Complaint.

action." Gray v. OneWest Bank, Fed. Sav. Bank, No. Civ. 13-00547 JMS-KSC, 2014 WL 3899548, at *12 (D. Haw. Aug. 11, 2014). The purpose of a declaratory judgment is to "set controversies at rest before they cause harm to the plaintiff, not to remedy harms that have already occurred." Ruiz v. Mortgage Elec. Registration Sys., Inc., No. CIV S-09-0780 FC DDAD, 2009 WL 2390824, at *5 (E.D. Cal. Aug. 3, 2009) (dismissing claim for declaratory judgment when foreclosure had already occurred and the plaintiff was seeking "to redress past wrongs").

Jeanniton's request for relief both duplicates his claim for damages and is based on Defendants' alleged past actions. See Salem v. Arakawa, No. 15-00384 LEK-KJM, 2016 WL 7972144, at *8 (D. Haw. Dec. 20, 2016) (dismissing request for declaratory relief because "[p]laintiff's allegations [] seek to remedy harms that have already occurred."). There is also no indication that Jeanniton will be subject to future unconstitutional interactions with Defendants. See Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986).

Jeanniton's request for a declaratory judgment fails under Hawaii law as well because Hawaii's declaratory judgment statute is no broader than the Declaratory Judgment Act. See Haw. Rev. Stat. § 632-1. Under Hawaii law, courts must not exercise jurisdiction "over Hawaii state law declaratory judgment actions where the wrongful acts complained of have

already been committed and are encompassed by other causes of action." Gray, 2014 WL 3899548, at *13 (citing Kaleikau v. Hall, 27 Haw. 420, 428 (1923)).  As stated above, the wrongful acts Jeanniton complains of in his Third Amended Complaint related to his request for declaratory judgment have already been committed and are encompassed by other causes of action.

Accordingly, Jeanniton's claim for declaratory judgment fails under both federal and state law.  Because the Court finds that further amendment would be futile, Jeanniton's request for declaratory judgment is DISMISSED WITH PREJUDICE.

### c. First Amendment Claim

Jeanniton pleads a First Amendment claim based on Officer Fiesta's physical force as retaliation "for Plaintiff exercising his First Amendment right of Free speech to articulate his basic Constitutional Right of the established expectation of the Privacy in his home; and to be free from unlawful searches and seizures . . . after stating his opposition to the warrantless entry and search of his home." TAC ¶ 26.  Defendants contend that (1) the Third Amended Complaint fails to state a First Amendment claim against Officer Fiesta, and (2) that Officer Fiesta is entitled to qualified immunity on the First Amendment claim.  The Court rejects both arguments and finds that Jeanniton has sufficiently alleged his

First Amendment claim and that Officer Fiesta is not entitled to qualified immunity at this stage.

### i. Adequacy of Pleading

Defendants first argue that Jeanniton's Third Amended Complaint does not state a claim under the First Amendment.

"To state a First Amendment retaliation claim, a plaintiff must plausibly allege 'that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in the defendant's conduct.'" Capp v. Cnty. of San Diego, 940 F.3d 1046, 1053 (9th Cir. 2019) (quoting O'Brien v. Welty, 818 F.3d 920, 932 (9th Cir. 2016)).  To prevail on such a claim, a plaintiff must establish that the defendant's retaliatory animus was the "but-for" cause of the plaintiff's injury, "meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." Nieves v. Bartlett, 139 S. Ct. 1715, 1725, 204 L. Ed. 2d. 1, (2019).  The Court considers each element below.

### 1. Constitutionally Protected Activity

Defendants appear to allege that Jeanniton's words of protest were not protected speech because Officer Fiesta "was investigating domestic abuse, which he could not determine

without entering the apartment." Mot. at 12.  It is well settled that the activity for which Jeanniton was allegedly retaliated against-voicing criticism of the officers' conduct-is constitutionally protected.  See Hartman v. Moore, 547 U.S. 250, 256, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006) ("[T]he law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions . . . for speaking out."); Ford v. City of Yakima, 706 F.3d 1188, 1192-93 (9th Cir. 2013) (per curiam) ("While an individual's critical comments may be 'provocative and challenging,' they are 'nevertheless protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest.'") (quoting Terminiello v. City of Chicago, 337 U.S. 1, 4, 69 S. Ct. 894, 93 L. Ed. 1131 (1949)), abrogated on other grounds by Nieves, 129 S. Ct. 1715, 204 L. Ed. 2d (2019).  Police have been on notice at least since 1990 that it is unlawful to use their authority to retaliate against individuals for their protected speech. See Duran v. City of Douglas, 904 F.2d 1372 (9th Cir. 1990) (holding that a police officer's traffic stop and subsequent arrest of an individual who directed obscene gestures and words toward that officer was unlawful because it was well established that police officers may not exercise their authority for

personal motives, especially in response to an individual's criticism or insults); see also Beck v. City of Upland, 527 F.3d 853, 871 (9th Cir. 2008) (holding that Duran clearly established that police offices could not use their power to retaliate against an individual for his free speech).  Jeanniton's criticism of the police falls "squarely within the protective umbrella of the First Amendment and any such action to punish or deter such speech . . . is categorically prohibited by the Constitution."  Duran, 904 F.2d at 1378.

### 2. Chilling Effect

The Court's inquiry under this prong is not whether Officer Fiesta's actions actually chilled Jeanniton, but whether the alleged retaliation "would chill a person of ordinary firmness from continuing to engage in the protected activity." O'Brien, 818 F.3d at 932 (quoting Pinard v. Clatskanie Sch. Dist. 6J, 467 F.3d 755 (9th Cir. 2006)).  Jeanniton alleges that he verbally protested police entry into his home immediately before Officer Fiesta stepped through the screen door and "attacked and choked" Jeanniton.  TAC ¶ 40.  Such a physical attack, to the point where Jeanniton lost consciousness, id. ¶ 13, is a severe action that would chill the average person from voicing criticism of police conduct.  See Rhodes v. Robinson, 408 F.3d 599, 562 n.11 (9th Cir. 2005) ("[H]arm that is more than minimal will almost always have a chilling effect.").

### 3. Substantial or Motivating Factor

The final factor the Court must consider is whether Jeanniton plausibly pleaded that his speech-his statement that the police were not needed-was "a substantial or motivating factor" in Officer Fiesta's decision to physically restrain Jeanniton.  The Third Amended Complaint alleges that Jeanniton "verbally protested the treatment the Defendant officers subjected him to right before they assaulted him" and that it "is thus apparent that Officer Fiesta attacked and 'choked' Plaintiff Jeanniton maliciously in response to Plaintiff Jeanniton exercising his First Amendment right to protest the police officers demanding illegal entry into his home . . . ." Id. ¶ 40.  Jeanniton has therefore plausibly alleged that retaliatory animus was a but-for cause of Officer Fiesta's actions.

Thus, for purposes of this Motion, Jeanniton has sufficiently alleged a retaliation claim under the First Amendment.

### i. Qualified Immunity

Defendants next argue that Officer Fiesta is entitled to qualified immunity on Jeanniton's First Amendment claim.

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d. 396 (1982). "To determine whether an individual officer is entitled to qualified immunity, we ask (1) whether the official violated a constitutional right and (2) whether the constitutional right was clearly established." C.B. v. City of Sonora, 769 F.3d 1005, 1022 (9th Cir. 2014) (citing Pearson v. Callahan, 555 U.S. 223, 232, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009).

Having determined that Jeanniton alleged a plausible First Amendment retaliation claim based in part on a violation of a constitutional right, the Court now moves to the second prong of the qualified immunity analysis-whether the right was "clearly established" at the time of Officer Fiesta's alleged misconduct. Pearson, 555 U.S. at 232.

"[F]or a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate," though there need not be "a case directly on point." Kisela v. Hughes, 138 S. Ct. 1148, 1152, 200 L. Ed. 2d 449 (2018) (per curiam) (quoting White v. Pauly, 137 S. Ct. 548, 551, 196, L. Ed. 2d 463 (2017) (per curiam)). "Whether the law was clearly established is an objective standard; the defendant's subjective understanding of the constitutionality of his or her conduct is irrelevant."

- 24 -

Clairmont v. Sound Mental Health, 632 F.3d 1091, 1109 (9th Cir. 2011) (quoting Fogel v. Collins, 531 F.3d 824, 833 (9th Cir. 2008)).  Though to conclude that the right is clearly established, the court need not identify an identical prior action.  See Scott v. Cty. of San Bernardino, 903 F.3d 943, 951 (9th Cir. 2018) (explaining that there need not be a case dealing with the particular facts to find the officer's conduct unreasonable).  The officer is entitled to qualified immunity if the law at the time of the incident did not clearly establish that the officer's conduct violated the United States Constitution and therefore failed to put the officer on fair notice.  Brosseau v. Haugen, 543 U.S. 194, 198, 125 S. Ct. 596, 598, 160 L. Ed. 2d. 583 (2004) (per curiam).

At this stage, the Court is unable to say whether Jeanniton's claims are futile on the basis of qualified immunity because, viewing the allegations in a light most favorable to Jeanniton, it appears that Officer Fiesta's alleged conduct would have violated clearly established constitutional rights and a reasonable officer could not have believed such conduct to be lawful.  See supra; see also O'Brien v. Welty, 818 F.3d 920, 936 (9th Cir. 2016) (holding that dismissal based on qualified immunity is not appropriate unless it can be determined based on the complaint alone that qualified immunity applies); see also Hyer v. City & Cnty. of Honolulu, Civ No. 19-00586 HG-RT, 2020

WL 7038953, at *5 (D. Haw. Nov. 30, 2020) (holding that a determination regarding qualified immunity at the pleading stage was premature because it requires "a fact-specific analysis and [] knowledge of all of the material facts of the specific context of the case"). Accordingly, Defendants' Motion to Dismiss Jeanniton's First Amendment claim is DENIED.[10]

### d. Fourth Amendment Claim:  Warrantless Entry

Finally, Defendants argue that Officer Fiesta is entitled to qualified immunity on Jeanniton's Fourth Amendment warrantless entry claim.[11]

The Third Amended Complaint does not specify the exact nature of the Fourth Amendment violations asserted. When deciding whether to grant leave to amend, Magistrate Judge Porter previously considered potential theories of unreasonable search and seizure, unlawful arrest, excessive force, and malicious prosecution under the Fourth Amendment based on Jeanniton's allegations. The instant Motion, however, seeks dismissal only of the Fourth Amendment warrantless entry claim on the ground that Officer Fiesta is entitled to qualified

---

[10] Although the Court concludes at this early stage of the litigation that Defendants are not entitled to qualified immunity, that does not necessarily mean that that this case will progress to trial. See O'Brien, 818 F.3d at 936 ("Once an evidentiary record has been developed through discovery, defendants will be free to move for summary judgment based on qualified immunity."). The evidence may show that Officer Fiesta was motivated by the need to forcibly enter in order to respond to an apparent domestic abuse call irrespective of any words Jeanniton expressed to him.

[11] Unlike with the First Amendment claim, Defendants do not allege inadequate pleading with regard to the Fourth Amendment claim.

immunity.  The Court concludes below that Officer Fiesta is not entitled to qualified immunity at this time.

### i. Qualified Immunity

As discussed supra, to determine whether an officer is entitled to qualified immunity, the Court must ask "(1) whether the official violated a constitutional right and (2) whether the constitutional right was clearly established." City of Sonora, 769 F.3d at 1022.

Where there has been a warrantless entry by police of a person's home, "that entry violated 'clearly established law' if it was 'clearly established' that none of the exceptions to the warrant requirement applies." Maric v. Alvarado, 748 F. App'x 747, 751 (9th Cir. 2018) (quoting Bonivert v. City of Clarkston, 883 F.3d 865, 879 (9th Cir. 2018)).  The general rule is that "searches and seizures inside a home without a warrant are presumptively unreasonable." Payton v. New York, 445 U.S. 573, 586, 100 S. Ct. 1371, 1380, 63 L. Ed. 2d 639 (1980).  There are, however, established exceptions to the warrant requirement. United States v. Hawkins, 249 F.3d 867, 872 (9th Cir. 2001). When a search occurs without a warrant, the burden of proof rests on the government to justify the search under one of the exceptions to the warrant requirement.  United States v. Swift, CR No. 08-00577 DAE, 2009 WL 4823804, at *3 (D. Haw. Dec. 14, 2009).

Jeanniton alleges that Officer Fiesta "forced his way into Plaintiff's residence without probable cause or exigent justification, let alone any warrant . . . ." TAC ¶ 1.  In response, Defendants contend that Officer Fiesta's warrantless entry is constitutionally valid because the emergency aid exception applies, and a reasonable police officer would not have known such warrantless entry would violate the Constitution.  Mot. at 15.

The Ninth Circuit has recognized that "the exigencies of domestic abuse cases present dangers that, in an appropriate case, may override considerations of privacy." United States v. Brooks, 367 F.3d 1128, 1136 (9th Cir. 2004).  While the Ninth Circuit has stopped short of holding that domestic abuse cases create a "per se exigent need for warrantless entry," courts must evaluate, on a case-by-case basis, whether the "total circumstances, presented to the law officer before a search . . . relieved the officer of the customary need for a prior warrant." Id.  Courts have looked to both the exigent circumstances and the emergency aid exceptions to determine whether a warrantless entry may be made when police are responding to a domestic violence call.[12] Torres v. Hansen, No.

---

[12]  Jeanniton erroneously relies on Lange v. California, 141 S. Ct. 2011, 2016 (2021), in which the Supreme Court ruled that pursuit of a fleeing misdemeanor suspect does not categorically justify a warrantless entry into a home.  Because Jeanniton was not fleeing from the officers into his home, Lange is inapplicable here.

16-cv-06607-SI, 2019 WL 4142158 (N.D. Cal. Aug. 30, 2019).
Defendants insist that the emergency aid exception is applicable
here.  Mot. at 17.

      The emergency aid exception to the warrant requirement
permits officers to enter a home without a warrant "to render
emergency assistance to an injured occupant or to protect an
occupant from imminent injury."  Brigham City, Utah. v. Stuart,
547 U.S. 398, 403, 126 S. Ct. 1943, 1947, 164 L. Ed. 2d 650
(2006).  An entry pursuant to the emergency aid exception is
reasonable under the Fourth Amendment regardless of the
individual officer's state of mind, "as long as the
circumstances, viewed objectively, justify [the] action."  Id.
at 404 (emphasis in original) (citation omitted).

      As the name implies, there must be an actual exigency
for the emergency aid exception to apply.  The Third Amended
Complaint makes clear that Jeanniton opened his front door but
not the screen door, and that he had a discussion with the
officers before they entered his apartment without a warrant.
TAC ¶ 12.  Such facts do not suggest an emergency at that time.
Defendants rely on United States v. Brooks, 367 F.3d 1128, 1136
(9th Cir. 2004), where an officer made a warrantless entry into
a hotel room after receiving a 911 call that "a woman in
Brooks's room was being beaten, a serious danger."  Notably,

when Brooks opened the hotel door, he indicated that there was a woman present but the officer was unable to see her.  Id.

Brooks is distinguishable on two major grounds.  Here, unlike in Brooks, the neighbor who called the police did so because of a "verbal discussion," without any explicit allegation of domestic abuse.  Second, during Jeanniton's conversation with the officers, Jeanniton's girlfriend stood behind him on the stairs "to show the officers that there were no marks or injuries on her and she did not call for, want, or need any help."  TAC ¶ 12.  It would not be reasonable under these circumstances for the officers to believe that Jeanniton or his girlfriend required immediate aid, thus triggering the emergency aid exception to the warrant requirement.

Viewing Jeanniton's warrantless entry allegations in a light most favorable to Jeanniton, it appears under the revised facts alleged that Officer Fiesta's conduct would have violated clearly established constitutional rights and a reasonable officer could not have believed such conduct to be lawful.[13]  Therefore, at this stage, Defendants' Motion to Dismiss Jeanniton's Fourth Amendment warrantless entry claim is DENIED.

---

[13]  See footnote 10 on page 26.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Strike Fourteenth Amendment Claim, GRANTS IN PART and DENIES IN PART Defendants' Motion to Strike New Allegations and Request for Injunctive Relief, and GRANTS IN PART and DENIES IN PART Defendants' Motion for Partial Dismissal, ECF No. 49, as follows:

1.  To the extent that Count VII asserts a claim against Officer Fiesta in his individual capacity for violations of the Fourteenth Amendment, it is STRICKEN.

2.  Defendants' request to strike new factual allegations is DENIED.

3.  Jeanniton's request for injunctive relief in the Third Amended Complaint is STRICKEN.

4.  To the extent that Counts I-IV assert violations of the Hawaii State Constitution, they are DISMISSED WITH PREJUDICE.

5.  Given that Jeanniton's request for a declaratory judgment is duplicative, it is DISMISSED WITH PREJUDICE.

6.  Defendants' Motion for Partial Dismissal of Jeanniton's First Amendment claim is DENIED.

7.  Defendants' Motion for Partial Dismissal of Jeanniton's Fourth Amendment warrantless entry claim is DENIED.

8.   To the extent Jeanniton is asserting punitive and

     exemplary damages against the City, they are STRICKEN as

     against the City.

          The Court has previously granted Defendants' Motion

for Enlargement of Time.  The Court reiterates that Defendants

are required to serve their answer within fourteen days of this

Order.

          IT IS SO ORDERED.

          DATED: Honolulu, Hawai`i, August 4, 2021.




_____
Alan C. Kay
Sr. United States District Judge


Jeanniton v. County of Honolulu, Mark Fiesta, Civ. No. 20-00369 ACK-WRP,
Order Granting Defendants' Motion to Strike Fourteenth Amendment Claim,
Granting in Part and Denying in Part Defendants' Motion to Strike New
Allegations and Request for Injunctive Relief, and Granting in Part and
Denying in Part Defendants' Motion for Partial Dismissal (ECF No. 49).